IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, | CASE NO. CV F 06-1595 OWW LJO |
|     Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
|   vs. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

## INTRODUCTION

Plaintiff Sevan Kayaian ("plaintiff") proceeds pro se and in forma pauperis and on November 8, 2006, filed an untitled document which this Court construes as a complaint ("complaint"), the purported caption of which appears to list the United States of America as defendant. The complaint is generally unintelligible and states: "Being poor and not voting does not mean we will sit bad [sic] and let you mistreat us!" The complaint further states:

> Driving they say is a privilege not a right. How about entering the Federal Building? According to the U.S. Marshals, that too is a privilege not a right. What is happening to this country?[1]

The complaint requests "respect all people as it should be. Even us with-out [sic] money."

---

[1] This Court has been informed that plaintiff has been escorted from the this Court's building.

1

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

This Court shall dismiss an in forma pauperis plaintiff's action at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

1  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629
2  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to
3  dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice
4  also can be inferred from a complaint containing untrue material allegations of fact or false statements
5  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

6        A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond
7  doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to
8  relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,
9  45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.
10 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any
11 evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether
12 a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
13 claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development*
14 *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

15       The complaint's face reflects deficiencies to prevent plaintiff from offering evidence to proceed
16 on the indecipherable complaint.

### Subject Matter Jurisdictional

18       Federal courts are courts of limited jurisdiction and lack inherent or general subject matter
19 jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and
20 Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct.
21 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts
22 are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests
23 upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject
24 matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v.*
25 *Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more
26 jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without
27 jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

28       F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

3

       (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

       . . .

       (e)    Pleading to be Concise and Direct; Consistency.

       (1)    Each averment of a pleading shall be simple, concise and direct.

The complaint alleges neither grounds for nor facts to support this Court's jurisdiction.  The complaint reveals no grounds to properly invoke this Court's jurisdiction.

### Pleading Deficiencies

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist."  *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

The complaint makes indecipherable references to poverty, mistreatment, and privileges.  The complaint is unintelligible and alleges no specific claims against a personalized defendant or a particular defendant.  The complaint fails to provide fair notice and to state facts to support elements of particular claims.  The complaint seeks no clear relief.

### *Bivens* Claims

The complaint is unclear whether it attempts to allege claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for

violation of civil rights by federal actors. Under the doctrine of sovereign immunity, a *Bivens* action will not lie against the United States, its agencies, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). To the extent that federal officers are sued in their official capacity, such claims are barred by the doctrine of sovereign immunity. *Gilbert v. DaCrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a *Bivens* action on the theory respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).

To the extent it attempts to do so, the complaint fails to allege cognizable, viable *Bivens* claims.

## Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex an insufficiently identified defendant. Plaintiff has filed in this Court a similar action entitled *Sevan Kayaian v. State of California*, Case No. CV F 06-1594 AWI LJO. Such attempt to vex provides further grounds to dismiss this action.

## RECOMMENDATION AND ORDER

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that: (1) the complaint fails to establish this Court's subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief may be granted; and (3) a further attempt at amendment is unwarranted based on the complaint's unintelligible statements.

These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than November 24, 2006, plaintiff may file written objections to these findings and recommendations with the Court and in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)). Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**

5

1 **is to object to these findings and recommendations. Plaintiff is further admonished this Court will**
2 **strike any papers to attempt to file an amended complaint unless this Court specifically grants**
3 **plaintiff permission to file an amended complaint.**
4     IT IS SO ORDERED.
5 **Dated:   November 9, 2006**              /s/ Lawrence J. O'Neill
  66h44d                                    UNITED STATES MAGISTRATE JUDGE